NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTINE TONGE, on behalf of herself and all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>CPC LOGISTICS, INC.,<br><br>     Defendant. | **OPINION & ORDER**<br><br>Civ. No. 16-cv-09579 (WHW)(CLW) |

**Walls, Senior District Judge**

In this putative class action, Plaintiff Christine Tonge alleges that Defendant violated provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), and the New Jersey Fair Credit Reporting Act, N.J.S.A. 56:11-28, *et seq.* (the "NJ FCRA"), by not providing her with proper materials and information relating to consumer agency reports procured by Defendant CPC Logistics, Inc., as part of her job application to work for CPC. Defendant moves to dismiss the complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Decided without oral argument under Fed. R. Civ. P. 78, Defendant's motion is granted in part, denied in part, and the case is remanded to New Jersey Superior Court.

## FACTUAL AND PROCEDURAL HISTORY

On December 29, 2016, Plaintiff filed a class action complaint against CPC Logistics, Inc., for violations of the FCRA and NJ FCRA. ECF No. 1. On March 24, 2017, Tonge amended her complaint. ECF No. 13. On May 18, 2017, Defendant moved to dismiss Ms. Tonge's complaint under Fed. R. Civ. P. 12(b)(6) and 12(b)(1). ECF No. 19.

1

For purposes of this opinion, the Court will assume the truth of the following facts alleged in Plaintiff's First Amended Complaint ("FAC"). ECF No. 13. On July 20, 2016, Plaintiff Christine Tonge ("Tonge"), a resident of New Jersey, applied online for a job as a commercial truck driver with Defendant CPC Logistics ("CPC"), a Pennsylvania corporation. FAC ¶¶ 13-14; 21. Upon completing her application, CPC sent Tonge approximately three disclosure forms relating to background checks. *Id.* The disclosures were spread throughout the documents, which spanned roughly twenty pages, and included allegedly superfluous information.[1] *Id.* ¶ 23. On August 4, 2016, Tonge was informed via letter that she was denied employment based on information contained in a Drive-A-Check Report ("DAC"), a common consumer report in the commercial trucking industry. *Id.* ¶¶ 18; 24. Tonge alleges the information relied on by CPC to deny her employment was inaccurate. *Id.* CPC retained HireRight, a consumer reporting agency, in the course of Tonge's application. *Id.* ¶ 32.

Tonge claims that CPC failed to send her, within three days of its decision not to hire her: (i) the address and telephone number of the consumer reporting agency that furnished the report; (ii) a notification that the consumer reporting agency did not make the decision to reject her application; and (iii) notification that a free copy of the report may be obtained and Tonge could file a dispute with the consumer reporting agency (collectively, the "alleged FCRA missing information"). *Id.* ¶ 27. Tonge also claims that CPC did not, before denying her job application, provide her with (i) a copy of the report upon which the adverse action (which is Tonge's rejection, *see* § 1681a(k) and N.J.S.A. 56:11-30) was based; (ii) a summary of rights that

---

[1] In her briefing, Tonge now claims CPC sent "5 different documents that span approximately 20 pages," and attaches them. Resp. Br. at 13. Both parties reference the documents, which are integral to and referenced throughout Plaintiff's complaint, so this Court will consider them because "the plaintiff's claims are based on the document[s]." *Oliver v. Roquet*, 858 F.3d 180, 190 (3d Cir. 2017) (quoting *Pension Benefit Guar. Corp. v. White Consol. Indus.*, Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

2

included a description of the right of a consumer to obtain a copy of a consumer report from each consumer reporting agency; (iii) a summary of rights that included the frequency and circumstances under which a consumer is entitled to receive a consumer report without charge; (iv) a summary of rights that included the right of a consumer to obtain a credit score from a consumer reporting agency, and a description of how to obtain a credit score; and (v) a summary of rights that included the method by which a consumer can contact, and obtain a consumer report without charge from, a consumer reporting agency (collectively, the "alleged NJ FCRA missing information"). *Id.* ¶ 26.

In Count One of the complaint, Plaintiff alleges that the Defendant willfully violated 15 U.S.C. § 1681b in failing to provide disclosures that are clear and conspicuous in a document that consists solely of the disclosure. *Id.* ¶ 57. In Count Two, Plaintiff claims that the Defendant willfully violated NJ FCRA N.J.S.A. 56:11-28 by failing to provide the alleged NJ FCRA missing information. *Id.* ¶ 67. In Count Three, Plaintiff alleges that the Defendant violated 15 U.S.C. § 16981(b)(3)(B)(i)(II),(III), and (IV) by failing to either provide Tonge with or notify her of the information contained within the alleged FCRA missing information. *Id.* ¶¶ 77-78. Tonge seeks certification of a class for each of these counts under Fed. R. Civ. P. 23. *Id.* ¶ 82(a).

CPC now move to dismiss the First Amended Complaint for lack of subject matter jurisdiction and failure to state a claim under Fed. R. Civ. P. 12(b)(1) and (6), respectively. Mot. Br., ECF No. 19. Defendant argues that Plaintiff does not adequately allege an injury in order to confer standing, and that even if she does, the complaint does not demonstrate that CPC violated the FCRA. *Id.* at 5-9.

**STANDARD OF REVIEW**

*Motion to Dismiss under Rule 12(b)(6)*

Rule 12(b)(6) allows for dismissal where the non-moving party fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation marks omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—that the pleader is entitled to relief." *Id.* at 679. It is well settled that "document[s] integral or explicitly relied upon in the complaint" may be considered at the motion to dismiss stage "without converting the motion into one for summary judgment." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

*Motion to Dismiss under Rule 12(b)(1)*

"A motion to dismiss for want of standing is ... properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014) (citing *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007)). Rule 12(b)(1) challenges made before the filing of an answer are treated as facial challenges to jurisdiction, which are considered under the same standard of review as a motion to dismiss under Rule 12(b)(6). *Id.* at 358. "In reviewing a facial attack the court must only

consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff" and "constru[e] the alleged facts in favor of the nonmoving party. *Id.* (internal quotations and citations omitted).

## DISCUSSION

### I. FCRA and NJ FCRA

Count One of the complaint alleges a violation of the FCRA's stand-alone requirement, which, under 15 U.S.C. § 1681b(b)(2)(A), states that consumers should receive "a clear and conspicuous disclosure [] made in writing to the consumer at any time before the report is procured or caused to be procured, *in a document that consists solely of the disclosure*" (emphasis added). Defendant argues that Count One should be dismissed in part because Tonge complains that CPC "provided her too much information and still not enough information." Reply Br. at 2. But of course inundating someone with documents in the hopes that the required information is somewhere within the mess would frustrate the purpose of the stand-alone requirement, which concerns parties receiving vital information from one clear source. CPC states that Tonge does not contest she received all of the information, just that it was not in the manner technically prescribed. This is a classic "distinction without a difference" argument, since CPC contends that Tonge "does *not* allege that she… was distracted or confused by [the disclosures, nor] has she claimed she was harmed by any alleged defects in how the disclosures were formatted." Mot. Br. at 9. But this is irrelevant to CPC's technical compliance with the statute, and is more relevant to this Court's standing analysis.

Counts Two and Three allege CPC did not provide Tonge with statutorily-required information. Plaintiff again does not allege she was confused by these documents, and Defendant claims the information was provided elsewhere. The alleged missing FCRA information includes

5

(i) the address and telephone number of HireRight (§ 1681b(b)(3)(B)(i)(II)); (ii) notification that HireRight was not the one who made the adverse decision (§ 1681b(b)(3)(B)(i)(III)); and (iii) notification that a free copy of the report could be obtained and a dispute filed with the agency (§ 1681b(b)(3)(B)(i)(IV)). Resp. Br. at 6-7. CPC claims it furnished Tonge (i) and (iii) on July 19, 2016. *See* Reply Br. at Ex. A. It also states Plaintiff knew of (ii) by virtue of an admission in her response brief. *Id.* But the FCRA specifically and unequivocally states that this information must be procured to the consumer "within 3 business days of taking such [adverse] action." §1681b(b)(3)(B)(i). This Court can take judicial notice pursuant to Fed. R. of Ev. 201 that July 19, 2016 is not within three business days of August 4, 2016, which is the day the adverse action took place. The logic of the three-day rule is evident: if the purpose of a statute is to increase transparency and ease of use for the consumer, then limiting the scope of time an entity regulated by the statute has to give information to the consumer, who is protected by the statute, makes perfect sense. Because CPC did not provide the alleged missing FCRA information to Tonge within the appropriate timeframe, Plaintiff has stated a claim under the statute.

The same is true for some of the missing NJ FCRA information. Defendant claims that the hyper-specific information Plaintiff alleges she never received is not actually required by the NJ FCRA.[2] This Court agrees. N.J.S.A. 56:11-31(e)(2) only requires that Plaintiff receive "a description in writing of the rights of the consumer under this act and the federal 'Fair Credit Reporting Act.'" The word "description" plays a key role here, as requiring a litany of every specific and granular right one has under both the state and federal statutes would be an absurd

---

[2] This includes (ii) a summary of rights that included a description of the right of a consumer to obtain a copy of a consumer report from each consumer reporting agency; (iii) a summary of rights that included the frequency and circumstances under which a consumer is entitled to receive a consumer report without charge; (iv) a summary of rights that included the right of a consumer to obtain a credit score from a consumer reporting agency, and a description of how to obtain a credit score; and (v) a summary of rights that included the method by which a consumer can contact, and obtain a consumer report without charge from, a consumer reporting agency. *See* FAC ¶ 67.

reading of the NJ FCRA, and this Court "avoid[s] interpreting statutes in a way that would render them absurd." *Si Min Cen v. Attorney Gen.*, 825 F.3d 177, 194 (3d Cir. 2016). CPC provided Plaintiff with an extensive New Jersey-specific summary of her rights that far and away meets the requirement for a "description" as contemplated by the NJ FCRA.[3]

However, the NJ FCRA also requires consumers to receive a copy of the consumer report upon which their adverse action was based. Plaintiff alleges she did not receive this report, FAC ¶ 67, and CPC admits it gave her only a "portion of the report [CPC] relied on in denying her employment," Reply Br. at Ex. A. Given that the NJ FCRA mirrors its federal counterpart,[4] one can look to whether the FCRA would consider a portion of the consumer report to constitute the whole thing. This Court finds that N.J.S.A. 56:11-31(e)(1)'s requirement that consumers are provided a "copy of the report" means that the *complete* report must be provided, and not just portions or snippets. Indeed, the Seventh Circuit has stated that through the FCRA, "Congress wanted consumers to receive…*complete* copies of their consumer reports." *Gillespie v. Trans Union Corp.*, 482 F.3d 907, 909 (7th Cir. 2007) (emphasis added). The goals of the FCRA as stated by the Third Circuit are also relevant:

> The FCRA was enacted in order to ensure that "consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." The FCRA was prompted by "congressional concern over abuses in the credit reporting industry." In the FCRA, Congress has recognized the crucial role that consumer reporting agencies play in collecting and transmitting consumer credit information, and the detrimental effects inaccurate information can visit upon both the individual consumer and the nation's economy as a whole.

*Cushman v. Trans Union Corp.*, 115 F.3d 220, 223 (3d Cir. 1997) (quoting *Philbin v. Trans Union Corp.*, 101 F.3d 957, 962 (3d Cir.1996)).

---

[3] *See* Certification of Jacqueline R. Barrett, ECF 19-2 ("Barrett Cert."), at Ex. C.
[4] *See* Kevin J. Skelly, *Background Checks: A Primer for Employers*, 23 No. 8 N.J. Emp. L. Letter 3 (2015).

Given that a major goal of the FCRA—and in turn the NJ FCRA—was to provide consumers with accurate and complete information in a transparent fashion (in an industry that had lacked as much), it is a logical reading of the NJ FCRA that when a consumer is entitled to a copy of their report, they are required to the whole thing. Count Two of the FAC stands, but only as it applies to ¶ 67(i).

## II. Standing

*FCRA*

CPC argues that Tonge has not sufficiently pled injury to confer standing, and so this suit should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). A plaintiff seeking to establish standing to sue must demonstrate: "(1) an injury-in-fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision." *In re Nickelodeon Consumer Privacy Litig.*, 827 F.3d 262, 273 (3d Cir. 2016), cert. denied sub nom. *C. A. F. v. Viacom Inc.*, 137 S. Ct. 624, 196 L. Ed. 2d 516 (2017) (quoting *Finkelman v. Nat'l Football League*, 810 F.3d 187, 193 (3d Cir. 2016)). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547, 194 L.Ed. 2d 635 (2016). "Where, as here, a case is at the pleading stage, the plaintiff must 'clearly ... allege facts demonstrating' each element." *Id.* (quoting *Warth v. Seldin*, 422 U.S. 490, 518, 95 S. Ct. 2197, 2215, 45 L.Ed. 2d 343 (1975)). According to CPC, the first element, injury-in-fact, is Plaintiff's bugaboo.

To allege injury-in-fact, "a plaintiff must claim the invasion of a concrete and particularized legally protected interest resulting in harm that is actual or imminent, not conjectural or hypothetical." *Nickelodeon*, 827 F.3d at 272 (quoting *Finkelman*, 810 F.3d 187, 193) (internal quotations omitted). "A harm is concrete only if it is de facto; that is, it must

actually exist; it cannot be merely abstract." *In re Michaels Stores, Inc., Fair Credit Reporting Act (FCRA) Litig.*, No. 2615, 2017 WL 354023, at *3 (D.N.J. Jan. 24, 2017) (citing and quoting *Spokeo*). "When evaluating whether such a harm qualifies as an injury-in-fact, judges should consider whether the purported injury 'has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts.'" *Nickelodeon*, 827 F.3d at 273 (quoting *Spokeo*).

CPC claims that Tonge has not demonstrated an injury-in-fact because the only harm alleged in her complaint is an "informational injury." Mot. Br. at 8. Yet Plaintiff claims this is case is an example of what happens when a consumer reporting agency flounders its "grave responsibilit[y]," as Tonge has alleged—and we must accept as true at this stage of the litigation—that "[t]he information upon which CPC denied Ms. Tonge's employment in the DAC Report was inaccurate." FAC ¶ 24. CPC points to *In re Michaels*, 2017 WL 354023, in which Judge McNulty of this District dismissed plaintiffs' suit for lack of standing. Whereas the plaintiffs in *Michaels* were all hired, Tonge was both subject to wrong information in the consumer report and rejected from the job. When mishaps happen in the consumer report industry—which are inevitable—the FCRA attempts to ensure applicants have sufficient information to understand both the process and results of what has transpired.

The question then remains if these technical violations are enough to confer standing, taking into account the FCRA's intentions, as well as the Supreme Court's guidance in *Spokeo*. Based on a review of similar FCRA cases, the following are ways by which technical statutory violations regarding informational injuries can confer standing:

1. The plaintiff has not been given the statutorily mandated information and is damaged by that deprival. *See, e.g., Fed. Election Comm'n v. Akins*, 524 U.S. 11, 21, 118 S. Ct. 1777, 1784, 141 L. Ed. 2d 10 (1998) ("[A] plaintiff suffers an 'injury in fact' when the plaintiff fails to obtain information which must be publicly disclosed pursuant to a statute");

2. The plaintiff is confused by the absence or presentation of information to the point where she does not know how to act. *See, e.g., McFarlane v. First Unum Life Ins. Co.*, 274 F. Supp. 3d 150, 162 (S.D.N.Y. 2017) (plaintiff harmed when lack of clear information did not allow her to "know exactly where [s]he st[ood]");

3. The information regarding plaintiff has been falsely reported in a way that causes her general injury, namely as a violation of the right to privacy. *See, e.g., Gambles v. Sterling Infosystems, Inc.*, 234 F. Supp. 3d 510, 522 (S.D.N.Y. 2017) (finding common law history of actions based on "slanderous statements that would adversely affect one's business, trade, or profession");

4. The plaintiff suffered an adverse action because of the violation. *See, e.g., McPherson v. Canon Bus. Sols., Inc.*, No. CIV.A. 12-7761 JBS, 2014 WL 654573, at *1 (D.N.J. Feb. 20, 2014) (discussing lawsuit by "terminated employees or [applicants] denied employment…based on information contained in criminal background reports without first providing the employees or applicants with…an opportunity to dispute the accuracy of the information").

Other kinds of harm may exist as well, but Plaintiff has not adequately pled any of the above under the FCRA.

First, she does not persuasively dispute that she has been given all of the requested information under the FCRA, instead contesting the manner by which she has received it. *See* Reply Br. at Ex. A. Tonge claims that the mere deprivation of information can amount to an injury, which is true, but she alleges not that she never received the information, but instead that it was not within a statutorily-prescribed manner. This is not enough to meet the threshold for injury-in-fact. *See, e.g., Thomas v. John A. Youderian Jr., LLC*, 232 F. Supp. 3d 656, 667 (D.N.J. 2017) (finding "no constitutional injury-in-fact, absent any allegation that the job applicant had in fact been denied the requisite information"). As example, Plaintiff has been successful in surviving a standing challenge in a near identical lawsuit in the Eastern District of Pennsylvania, but there (1) "both parties agree[d] that [the consent form] did not accurately describe her FCRA rights," and (2) the only summary of rights given by the defendant was verbal and its existence disputed. *Tonge v. Fundamental Labor Strategies, Inc.*, 277 F. Supp. 3d 809 (E.D. Pa. 2017).

Here, Tonge has not adequately alleged either the veracity or the completeness of the missing FCRA information.

Second, Tonge does not allege she was confused by or does not know how to act in light of the presentation of the information. *See* Resp. Br. at 14 (rebuffing CPC's "demand[ for] a showing that Ms. Tonge did not understand the disclosure"). The heart of Tonge's argument is that CPC causes informational injuries through its technical violations of the FCRA because "*prospective employees cannot know which document is the controlling disclosure.*" *Id.* at 13-14 (emphases in original). This may well be a true and salient point, but Plaintiff has not alleged in her complaint that *she* did not know which document was the controlling disclosure, and so she has not demonstrated injury.

Third, Tonge does not allege that the information's falsity or inaccuracy has caused her, directly or indirectly, any injury, including potential professional embarrassment. *See generally* FAC, ECF No 13. Tonge argues in her response brief that she suffered privacy injuries, see Resp. Br. at 18, but this allegation is not included in her complaint, and she cannot cure this deficiency through her motion papers. *See Cerome v. Moshannon Valley Corr. Ctr./Cornell Companies, Inc.*, No. 09-2070, 2010 WL 4948940, at *3 (3d Cir. Dec. 7, 2010) (unpublished) (stating that "a district court may not consider matters outside of the Complaint when ruling on a motion to dismiss").

Finally, Plaintiff does not allege that the adverse action taken against her was the result, directly or indirectly, of a violation by Defendant. *Id.* Ms. Tonge cites her complaint to claim that "CPC denied Ms. Tonge's employment because of 3 [false] accidents listed on her DAC report," Resp. Br. at 5, but there is no causal connection alleged between the FCRA violations and the adverse action, such as potential damage caused by an inability to properly dispute the incorrect

information due to a violation of § 1681b(b)(3)(B)(i)(IV). Resulting damage from the inaccurate reporting itself is separate and apart from CPC's statutory violations, and Plaintiff has already settled suit against HireRight in this Court for that alleged misdeed. *See Tonge v. Kreilkamp Trucking*, No. 2:16–CV–09267 (WHW) (CLW) (D.N.J. Dec. 15, 2016), at ECF No. 41.

At this stage, Plaintiff's argument as to Defendant's violation of the FCRA is well pled. But Tonge has pleaded only a technical—and not an informational—injury, the distinction between which does make a significant difference. "Just as the common law permitted suit in such instances, the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact. [A] plaintiff in such a case need not allege any *additional* harm beyond the one Congress has identified." *Spokeo,* 136 S. Ct. 1549, 194 L. Ed. 2d 635. Plaintiff has not alleged any additional harm besides those contemplated by Congress in enacting the FCRA, and she need not do so. But she must at a minimum allege *some* concrete harm resulting from CPC's noncompliance with the statute, and not merely "a bare procedural violation," *Matute v. A.A. Action Collection Co.*, No. CV1608863WHWCLW, 2017 WL 2573714, at *5 (D.N.J. June 13, 2017). Accordingly, Counts One and Three of the complaint are dismissed.

*NJ FCRA*

Tonge has sufficiently alleged injury-in-fact under the NJ FCRA. The only remaining portion of her claim under Count Two is her allegation that she did not receive a full copy of the report. FAC ¶ 67. This is the kind of informational injury contemplated by the statute. "[A] plaintiff suffers an 'injury in fact' when the plaintiff fails to obtain information which must be publicly disclosed pursuant to a statute." *Fed. Election Comm'n v. Akins*, 524 U.S. 11, 21, 118 S. Ct. 1777, 1784, 141 L. Ed. 2d 10 (1998). Given that the NJ FCRA is a "law[] directed to truth-in-

lending or truth-in-leasing," *Kent Motor Cars, Inc. v. Reynolds & Reynolds*, Co., 207 N.J. 428, 455 (2011), the policy goals contemplated by the FCRA are directly implicated in Tonge not receiving a full and complete consumer report. A consumer receiving a full copy of the report is the kind of transparency the New Jersey legislature was seeking when it passed its bill. Tonge has sufficiently pled an informational injury and injury-in-fact, and consequently she has standing to pursue her state claim.

### III. Remand

Plaintiff requests that if only NJ FCRA claims are left upon completing our analysis that "this matter [] be remanded to New Jersey State Court to pursue the NJFCRA violations." Resp. Br. at 7 n. 7. 28 U.S.C. § 1367(c)(3) permits district courts to "decline to exercise supplemental jurisdiction over a claim [] if…the district court has dismissed all claims over which it has original jurisdiction." "[R]emand under § 1367(c)(3) divests a federal court of 'all control over the action.'" *In re U.S. Healthcare, Inc.*, 193 F.3d 151, 159 (3d Cir. 1999) (quoting on *Pennsylvania Nurses Ass'n v. Pennsylvania State Educ. Ass'n*, 90 F.3d 797, 801 (3d Cir. 1996)). Because this Court had exercised supplemental jurisdiction as to the state law claims, but has now dismissed all claims except those state law claims, this case will be remanded to New Jersey state court.

## CONCLUSION

Defendant's motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6) is granted in part, denied in part. It is hereby ordered that Counts One and Three of the FAC are dismissed pursuant to Fed. R. Civ. P. 12(b)(1), while Count Two (as it applies to FAC ¶ 67(i) only) remains. This case is remanded to New Jersey Superior Court for all further proceedings.

DATE: 20 September 2018

William H. Walls
Senior United States District Court Judge